# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**GREGORY PAYNE DAVIDSON**                                                **PLAINTIFF**

**v.**                                                                   **CAUSE NO. 1:14CV230-LG-DAS**

**UNITED STATES OF AMERICA**                                        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO DISMISS

BEFORE THE COURT is the Motion to Dismiss [4] filed by the Defendant, the United States of America. The Motion has been fully briefed by the parties. After due consideration of the submissions and the relevant law, the Court finds that it lacks subject matter jurisdiction of this case. Accordingly, the Motion will be granted and Plaintiff's claims dismissed.

BACKGROUND

Plaintiff Davidson filed this lawsuit in the Circuit Court of Lee County, Mississippi, against two individuals - Michael Gray and Dallas Cleveland. Gray was the acting Commander and Cleveland was the acting First Sergeant of Davidson's National Guard unit in Tupelo, Mississippi. Davidson alleged that Gray and Cleveland schemed to end Davidson's military career in retaliation for an email Davidson wrote to Gray complaining about Cleveland. Specifically, Gray and Cleveland failed Davidson on the fitness test required for re-enlistment, and fabricated an NCO Evaluation Report to include ratings of "needs improvement." As a result, Davidson could not reenlist in the military. Davidson brought state law claims against Gray and Cleveland for intentional interference with employment

and intentional malicious interference with prospective economic gain.

The United States of America was substituted for Gray and Cleveland upon certifications that they were statutorily deemed to be federal employees acting within the scope of their federal employment at the time of the alleged actions. (Notice of Substitution Ex. A, ECF No. 3-1). The United States removed the case to this Court and has filed a motion to dismiss Davidson's Complaint based on the *Feres* doctrine.[1] A motion to dismiss pursuant to the *Feres* doctrine is properly treated as a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Presley v. Jackson Mun. Airport Auth.*, 94 F. Supp. 2d 755, 764 (S.D. Miss. 2000) (quoting *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996)).

DISCUSSION

Under the *Feres* doctrine, it is well established that military service members cannot assert claims against the military, their superiors or other service members "where the injuries arise out of or are in the course of activity incident to service." *Feres v. United States*, 340 U.S. 135, 146 (1950); *United States v. Stanley*, 483 U.S. 669, 683-84 (1987); *Chappell v. Wallace*, 462 U.S. 296, 304-05 (1983). This bar has been interpreted broadly. "[P]ractically any suit that 'implicates the military judgments and decisions' . . . runs the risk of colliding with *Feres*." *Persons v.*

---

[1] The United States asserted additional grounds for dismissal, but as the Court finds it lacks subject matter jurisdiction of the case, these additional grounds are not addressed.

*United States*, 925 F.2d 292, 295 (9th Cir. 1991) (quoting *United States v. Johnson*, 481 U.S. 681, 691 (1987)). *Feres* bars intentional tort and negligence claims, regardless of whether they are asserted under federal or state law. *Holdiness v. Stroud*, 808 F.2d 417, 426 (5th Cir. 1987); *Matreale v. N.J. Dep't. of Military & Veterans Affairs*, 487 F.3d 150, 156 (3d Cir. 2007); *Bowen v. Oistead*, 125 F.3d 800, 804 (9th Cir. 1997).

It is clear from Davidson's allegations that his alleged harm arose from, or in the course of activity incident to, his military service in the Mississippi Army National Guard, since his damages allegedly resulted from the conduct and actions of his superior officers. Although his allegations would seem to place his case squarely within *Feres*, Davidson argues that his status as a state, rather than federal, military employee exempts his claim from the *Feres* bar. However, the case law does not support this contention. There is no apparent distinction between members of the various National Guard units and other members of the United States military. *See Schoemer v. United States*, 59 F.3d 26, 29 (5th Cir. 1995) (*Feres* applies both to reservists and National Guardsmen); *Uhl v. Swanstrom*, 79 F.3d 751 (8th Cir. 1996) (applying *Feres* bar to suit by National Guardsman against his commanding state officer, the Adjutant General of the Iowa Air National Guard, and the Iowa Air National Guard); *Stauber v. Cline*, 837 F.2d 395, 399 (9th Cir. 1988) ("It is beyond question that the *Feres* doctrine generally applies to claims brought by National Guard members."); *Townsend v. Seurer*, 791 F. Supp. 227, 229

(D. Minn. 1992) ("[R]egardless of whether the suit is brought against the state National Guard and individual Guard personnel or against the United States and individual Guard personnel, the *Feres* doctrine will bar the action.").

Finally, even if, as Davidson argues, he could not have been on active duty with the National Guard because of the federal sequestration in effect at the time of his fitness testing, that fact does not make *Feres* inapplicable. *See, e.g., Miller v. United States*, 42 F.3d 297, 303 (5th Cir. 1995) ("incident to service" does not equate to active duty or actively pursuing military duties); *Quintana v. United States*, 997 F.2d 711, 712 (10th Cir. 1993) ("[A]ctive duty status is not necessary for the *Feres* 'incident to service' test to apply."); *Velez v. United States ex rel. Dep't. of Army*, 891 F. Supp. 61, 63 (D.P.R. 1995) ("The distinction between an 'active' and 'inactive' National Guard serviceman relative to the *Feres* doctrine is irrelevant.").

A liberal interpretation of the facts plead in Davidson's complaint raises only allegations about the manner in way his superiors evaluated his fitness for continued military employment. Pursuant to *Feres*, matters and decisions which are incident to military service may not be reconsidered by the Court. *See Walch v. Adjutant General's Dep't. of Tex.*, 533 F.3d 289, 301 (5th Cir. 2008) (court may not reconsider what a claimant's superiors did in the name of personnel management or determining performance level because such decisions are integral to the military structure). The Court therefore lacks subject matter jurisdiction of this case.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to

Dismiss [4] filed by the Defendant, the United States of America, is **GRANTED**.

This case is dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

**SO ORDERED AND ADJUDGED** this the 29th day of July, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE